IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**ERIC SHANE THRONEBURG,**

    **Plaintiff,**

v.                                             Civil Action No: 1:06-0203

**CHARLES R. PERDUE, JR.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to dismiss for failure to state a claim (Doc. No. 3). Plaintiff failed to respond to the motion within the time allotted under the Local Rules. Accordingly, this case is ripe for decision. Having reviewed the record and applicable law and for the reasons outlined below, the court **DENIES** defendant's motion to dismiss (Doc. No. 3).

### I.  Factual Allegations

Plaintiff filed a Complaint against defendant in the Circuit Court of Mercer County, West Virginia on February 24, 2006. (See Doc. No. 1 Ex. B.)  In his very short and plain Complaint, plaintiff alleges that defendant ran over him twice with a vehicle.  (Id. Ex. B ¶ 1.)  Plaintiff alleges simple negligence (Count I) and gross negligence (Count II) against defendant. (Id. Ex. B.)  Defendant removed the action to this court, and now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  (See Doc. No. 1.)

Defendant argues that the simple negligence count (Count I) should be dismissed because he is immune by virtue of the West Virginia's workers' compensation system. (Doc. No. 4 at 1-2.) Defendant alleges that he is an officer of Perdue & Sons of Virginias, Inc., which also employed plaintiff at the time of the accident. (Id. at 2.) In addition, defendant alleges that he contributed to West Virginia's workers' compensation fund on behalf of the corporation, which remains in good standing. (Id.) Based on these allegations, defendant argues that he is immune from suit as an officer of plaintiff's employer. W. Va. Code § 23-2-6 (stating that employers who pay into the workers' compensation fund are not liable in damages for employee's injury or death); Id. § 23-2-6a (extending immunity to officers, managers, and agents).

As to plaintiff's gross negligence count (Count II), defendant argues that it suffers the same flaws as the simple negligence count. In addition, defendant argues that Count II fails to allege the elements necessary to hold an employer liable under the "deliberate intention" exception to the West Virginia workers' compensation system, which allows an employee to recover for an employer's torts in court. (Doc. No. 4 at 2-3) (citing W. Va. Code § 23-4-2).

**II.   Standard of Review**

A motion to dismiss for failure to state a claim should not be granted unless "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957). In assessing a motion to dismiss for failure to state a claim, the Court must accept all well-pled allegations set forth in the complaint as true and must construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997). "The court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." Morgan v. Graco Children's Prods., Inc., 184 F. Supp. 2d 464, 465-66 (D. Md. 2002) (citations omitted).

**III.   Analysis**

Defendant's motion to dismiss must be denied because he failed to prove any of his allegations.  The West Virginia Workers' Compensation Statute provides immunity to employers from lawsuits brought by employees to recover damages for their injury or death sustained at the workplace. See W. Va. Code § 23-2-6 (2005).  The immunity afforded employers is not easily lost. "When an employer subscribes to and pays premiums into the Fund, and complies with all other requirements of the Act, the employer

3

is entitled to immunity for any injury occurring to an employee and 'shall not be liable to respond in damages at common law or by statute.'" State ex rel Frazier v. Hrko, 203 W. Va. 652, 659; 510 S.E.2d 486, 493 (1998) (citing W. Va. Code § 23-2-6). Such immunity can only be lost in one of two ways: "(1) by defaulting in payments required by the Act or otherwise failing to comply with the provisions of the Act, or (2) by deliberately intending to produce injury or death to the employee." Smith v. Monsanto Co., 822 F. Supp. 327, 330 (S.D. W. Va. 1992); see also Bell v. Vecellio & Grogan, Inc., 197 W. Va. 138, 141; 475 S.E.2d 138, 141 (1996).

Defendant alleges that under the West Virginia's Workers' Compensation Statute, he is immune from plaintiff's claims. Defendant alleges that he is an officer in the corporation that employs plaintiff. (Doc. No. 4 at 2.) In addition, defendant alleges that the corporation remained in good standing at the time of the accident. (Id.) If true, these two facts would appear to immunize defendant from plaintiff's claims. However, defendant offers only unsworn attorney argument, and not evidence in support of these facts. See United States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (holding that an attorney's unsworn argument does not constitute evidence). In short, there is a set of facts plaintiff can prove that would entitle him to relief: that defendant is not his employer, that defendant failed to

4

satisfy the requirements of the Workers' Compensation Statute; or that defendant acted with deliberate intention.

Defendant's motion to dismiss must be denied because defendant failed to prove the facts supporting immunity. Defendant will once again have the opportunity to prove his allegations at summary judgment using records or affidavits in accordance with Federal Rule of Civil Procedure 56(e). Because defendant failed on the threshold issue of immunity, the court need not consider his "deliberate intention" argument.

### IV. Conclusion

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 24th day of May, 2006.

ENTER:

David A. Faber
Chief Judge