```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

**ERIC SHANE THRONEBURG,**

    **Plaintiff,**

**v.**                                      **Civil Action No: 1:06-0203**

**CHARLES R. PERDUE, JR.,**

    **Defendant.**

## MEMORANDUM OPINION

Pending before the court is defendant's motion for summary judgment (Doc. No. 29). Having reviewed the record and applicable law and for the reasons outlined below, the court in an accompanying Judgment Order grants defendant's motion for summary judgment (Doc. No. 39-1). Additionally, the Judgment Order directs the Clerk to strike this case from the court's active docket.

### I.  Factual and Procedural Background

Plaintiff filed a Complaint against defendant in the Circuit Court of Mercer County, West Virginia on February 24, 2006 (See Doc. No. 1 Ex. B), and defendant removed the action to this court (Doc. No. 1). Plaintiff promptly filed a motion to remand the case to state court(Doc. No. 6), and on May 18, 2006, this court denied plaintiff's motion (Doc. No. 17).

On July 31, 2006, plaintiff filed his First Amended Complaint. (Doc. No. 23). In his amended complaint, plaintiff alleges that while working as a painter for Perdue & Sons of

Virginias, Inc., defendant backed over him with his truck, causing plaintiff serious injuries. Plaintiff alleges simple negligence (Count I), willful and malicious conduct (Count II), and alleges that he is entitled to coverage under defendant's personal insurance policy (Count III). (Doc. No. 1 Ex. B.)

On October 17, 2006, defendant moved for summary judgment. (Doc. No. 29.) Defendant argues that the simple negligence count (Count I) should be dismissed because he is immune from tort liability under protection afforded by West Virginia's workers' compensation system. (Doc. No. 30 at 4.)

Defendant argues that plaintiff's willful and malicious conduct claim fails to allege the elements necessary to hold an employer liable under the "deliberate intention" exception to the West Virginia workers' compensation system. (Doc. No. 30 at 4-5.)

Defendant finally argues that plaintiff has produced no evidence supporting his claim that he is entitled to coverage under defendant's insurance policy (Count III). (Id. at 12.)

Plaintiff filed his response on October 27, 2006 (Doc. No. 32), and defendant filed his reply on November 7, 2006 (Doc. No. 33). As such, this motion is ripe for adjudication.

## II. Standard of Review

A motion for summary judgment may be granted when there are no genuine issues of material fact and the movant is entitled to

2

a judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his case and does not make, after adequate time for discovery, a showing sufficient to establish that element. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of its position. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id.</u> at 250-251. Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

### III. Analysis

#### A. Negligence Claim

Plaintiff's negligence claim must fail because defendant is entitled to immunity from plaintiff's lawsuit. Employers who contribute to the workers' compensation fund are "not liable to respond in damages at common law or by statute for the injury or death of any employee . . . ." W. Va. Code § 23-2-6. Further, this immunity to liability extends "to every officer, manager,

3

agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention." Id. § 23-2-6a.

Perdue & Son of Virginias, Inc. employed plaintiff on the day of the accident.  Defendant is the president and sole shareholder of Perdue & Son of the Virginias, Inc.  (See Doc. No. 29 Ex. A.)  Further, defendant was contributing to the workers' compensation fund at the time of plaintiff's accident, and he remains in good standing with the West Virginia Workers' Compensation Fund.  (See id. Ex. C.)  Also, defendant was acting in furtherance of his business on the day of plaintiff's accident, and there is no evidence that defendant injured plaintiff with deliberate intention.  (See Doc. No. 29 Ex. F at 30-31) ("Q: . . . Did you intentionally hit [plaintiff] with your car?  A: No.  Absolutely no.").  Therefore, defendant is immune from plaintiff's negligence claim and summary judgment on Count I is proper.

### B.  Willful and Malicious Conduct Claim

The West Virginia Workers' Compensation system "is intended to remove from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee." W. Va. Code § 23-4-2(d)(1).  The employer's immunity from tort liability "may be lost only if the employer or person against whom liability is

4

asserted acted with 'deliberate intention.'" Id. § 23-4-2(d)(2). Under the deliberate intention exception, an employee can recover excess damages over the amount received under the workers' compensation scheme. Mayles v. Shoney's, Inc., 405 S.E.2d 15, 18 (W. Va. 1990).

To prove deliberate intention, a plaintiff must satisfy all of the following five elements:[1]

- (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
- (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
- (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

---

[1] Alternatively, deliberate intention is satisfied if "it is proved that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." W. Va. Code § 23-4-2(d)(2)(i). However, plaintiff does not allege any set of facts that would satisfy this exception.

> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii)(A)-(E) (2005).[2]

Defendant attacked plaintiff's case on several of the elements. This court, however, limits its discussion to the second element: the requirement that the employer know of the specific unsafe working condition and that the employer know that the specific unsafe working condition presents a high degree of risk and the probability of serious injury or death. Id. § 23-4-2(d)(ii)(C).

To prove the second element:

> [a plaintiff] must present sufficient evidence, *especially* with regard to the requirement that employer had a subjective realization and an appreciation of such specific unsafe working condition *and* the strong probability of serious injury or death presented by such specific unsafe working condition. This requirement is not satisfied merely by evidence that the employer reasonably should have known of the specific unsafe working condition and of the strong probability of serious injury or death presented by that condition.

---

[2] Section 23-4-2 was amended in 2003. Marcus v. Holley, 618 S.E.2d 517, 526 n.2 (W. Va. 2005). "The portion of the statute at issue in the present case was previously designated as West Virginia Code § 23-4-2(c) and was redesignated as West Virginia Code § 23-4-2(d). Other than minor stylistic alterations, the language was not changed." Id.

>Instead, it must be shown that the employer *actually possessed such knowledge*.

Gaus v. Consol, Inc., 294 F.Supp. 2d 815, 821 (S.D. W.Va. 2002) (emphasis in original) (quoting Blevins v. Beckley Magnite, Inc., 408 S.E.2d 385, 393 (W.Va. 1993).

In the present case, plaintiff alleges that the unsafe practice in question was cleaning paint brushes in a storm drain. (Doc. No. 23 at 4.)  Assuming for the sake of argument this constitutes an unsafe working condition, plaintiff offers no evidence showing that defendant subjectively realized that having plaintiff clean his paintbrushes in a storm drain presented a high probability of serious injury or death to plaintiff.

In Mayles v. Shoney's, Inc., the court held that an employer who knew his employees regularly carried hot grease down a steep hill had a subjective realization of the high probability of serious injury or death presented by such an unsafe activity. 405 S.E.2d at 16.  In Mayles, the evidence clearly established that the employer knew its employees regularly disposed of hot grease in an unsafe manner, that the employer failed to take any corrective action, and that the employer's "do everything right now" policy led to these unsafe practices.  Id. at 21.  Further, the employees in Mayles had previously complained to management about this unsafe practice and at least one other employee had been injured in a similar manner.  Id.

7

In this case, none of defendant's employees had ever been injured in this fashion before, and neither plaintiff nor any of defendant's other employees had ever complained to defendant about having to clean their paint brushes in a storm drain.  At most, plaintiff can show that defendant knew plaintiff was cleaning his paint brush in the storm drain, but there is no evidence that defendant knew this put plaintiff at a high risk of serious injury or death.

Therefore, there are no material facts in dispute under which plaintiff could satisfy the second element of the deliberate intent exception, and his willful and malicious conduct claim must fail as a matter of law.

### C.  Insurance Coverage Claim

Plaintiff maintains that he is entitled to coverage under defendant's automobile liability insurance. However, as this court discussed above, defendant is immune from tort liability under W. Va. Code § 23-2-6.  The West Virginia Supreme Court of Appeals has held that immunity from tort liability provided by the workers' compensation statutes "is not waived to the extent that liability insurance coverage is available." Deller v. Naymick, 342 S.E.2d 73, 81 (W.Va. 1985).  Therefore, plaintiff's third claim fails as a matter of law.

## IV. Conclusion

For reasons outlined above, by accompanying Judgment Order, this court grants defendant's motion for summary judgment (Doc. No. 29). The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record, and to strike this case from the court's active docket.

It is SO ORDERED this 9th day of November, 2006.

ENTER:

David A. Faber
Chief Judge